UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** _____  Caption [use short title] _____

**Motion for:** _____

_____

_____

Set forth below precise, complete statement of relief sought:

_____

_____

_____

_____

_____

_____

**MOVING PARTY:** _____  **OPPOSING PARTY:** _____

☐ Plaintiff  ☐ Defendant

☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** _____  **OPPOSING ATTORNEY:** _____

[name of attorney, with firm, address, phone number and e-mail]

_____  _____

_____  _____

_____  _____

Court- Judge/ Agency appealed from: _____

**Please check appropriate boxes:**  **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):  Has this request for relief been made below? ☐ Yes ☐ No
☐ Yes ☐ No (explain): _____  Has this relief been previously sought in this court? ☐ Yes ☐ No
_____

Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

Is the oral argument on motion requested? ☐ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☐ No If yes, enter date: _____

**Signature of Moving Attorney:**
_____ Date: _____ Service: ☐ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

B"H

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA, Plaintiff-Appellee,

v.                                                    Docket Nos. 25-332, 25-452, 25-543, 24-1204

ARI TEMAN, Defendant-Appellant.

## MOTION FOR PANEL RECONSIDERATION AND PETITION FOR REHEARING EN BANC AND TO PROCEED IFP AND HAVE FEES REFUNDED

MOTION FOR PANEL RECONSIDERATION AND PETITION FOR REHEARING EN BANC

Defendant-Appellant Ari Teman, appearing pro se, respectfully moves this Court under Federal Rules of Appellate Procedure 27, 35, and 40, and Local Rule 27.1, for panel reconsideration and, in the alternative, rehearing en banc of the Court's June 3, 2025 order dismissing his appeals as lacking "an arguable basis either in law or in fact," citing *Neitzke v. Williams*, 490 U.S. 319 (1989), and *Pillay v. INS*, 45 F.3d 14 (2d Cir. 1995).

I. INTRODUCTION

These consolidated appeals challenge the District Court's March 3, 2025 order (ECF No. 514, Case No. 19-CR-696 (PAE)) denying Mr. Teman's motion for religious and medical accommodations. Specifically, the motion sought leave to reside in Israel for urgent surgery, supported by medical records and religious authority, and was not opposed by the Probation Office, which confirmed it could monitor Mr. Teman remotely.

The appeals presented non-frivolous constitutional claims under the First and Eighth Amendments. The panel's summary dismissal did not substantively address this evidence or legal framework, warranting reconsideration or en banc rehearing.

II. GROUNDS FOR PANEL RECONSIDERATION

1

Reconsideration under FRAP 40 is appropriate where the Court has overlooked or misapprehended key legal or factual matters. The panel's dismissal order applied *Neitzke* and *Pillay* incorrectly to the following:

1. **First Amendment – Free Exercise**

Mr. Teman asserted that the District Court's order requiring him to return to the U.S. by sea (due to medical contraindication to flying) would force him to violate halacha (Jewish law), including prohibitions against:

- Embarking on a ship within three days of Shabbat (*Shulchan Aruch*, O.C. 339:1);
- Benefiting from work performed by non-Jews on Shabbat (*Shabbat* 150a);
- Traveling beyond the Shabbat boundary (*techum Shabbat*);
- Remaining aboard ships that operate on Yom Tov, even passively (*Igrot Moshe* O.C. 1:120; *Tzitz Eliezer* Vol. 1, 21:9).

As explained in the letter from Rabbi Reuben Koolyk, a ship journey from Israel to the United States would necessarily involve travel during Shabbat and Yom Tov, resulting in violations of multiple halachic prohibitions, including mar'it ayin (public desecration), amira le'akum (benefiting from a non-Jew's labor), and techum Shabbat (boundary transgression). Rabbi Koolyk emphasized that:

> "Doing so constitutes multiple violations of halacha, including Torah-level prohibitions."

Additionally, because ships departing Israel often have Jewish crew members, the journey would likely cause Jewish laborers to violate Shabbat, compounding the halachic violation.

Halacha further forbids leaving Eretz Yisrael (the Land of Israel) without halachically justified reason. Citing Rambam, Rabbi Koolyk writes:

> "It is forbidden to leave Eretz Yisrael for the Diaspora... unless it is to study Torah, to marry, or to save [someone] from the gentiles."

Remote probation monitoring does not qualify, particularly when, as confirmed by Probation Officer Jimmy Wong, all necessary functions (therapy and banking supervision) can be conducted from Israel.

2

These are core religious tenets, and violating them constitutes a substantial burden under *Church of the Lukumi Babalu Aye* v. *Hialeah*, 508 U.S. 520 (1993). The District Court offered no compelling justification nor adopted the least restrictive means, as required under strict scrutiny.

2. **Eighth Amendment – Deliberate Indifference**

Medical records from Mount Sinai, Dr. Wayne, and Sheba Medical Center establish that air travel poses serious health risks (including potential deafness) due to existing ENT and urological conditions. Forcing Mr. Teman to either:

(a) Fly against medical advice, or (b) Travel by sea for weeks, thereby delaying surgery,

constitutes deliberate indifference under *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Farmer v. Brennan*, 511 U.S. 825 (1994).

Jewish law also prohibits one from disregarding a physician's warning of danger. As Rabbi Koolyk cited:

> "You shall greatly guard your lives" (Deuteronomy 4:15) — a Torah-level commandment to preserve one's health.

The Shulchan Aruch (Choshen Mishpat 427:8) and responsa from the Tzitz Eliezer (Vol. 5, 14:6) require absolute deference to competent medical advice in situations involving potential permanent injury.

3. **Probation Compliance and Monitoring**

Probation Officer Jimmy Wong confirmed that Mr. Teman's therapy and financial reporting can be monitored remotely. The Court's order forcing in-person presence serves no rehabilitative or public safety interest and imposes greater deprivation than necessary, violating *18 U.S.C. § 3583(d)* and Second Circuit precedent. See *United States v.* Myers, 426 F.3d 117 (2d Cir. 2005); *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997).

4. **Pardon Recommendation and Record of Compliance**

Mr. Teman has completed all community service, paid restitution, and complied with probation terms. The U.S. Pardon Attorney, Edward Martin, has publicly recommended clemency based on innocence and prosecutorial overreach. These facts weigh heavily against any finding of frivolousness and reinforce the need for full appellate review.

3

5. **Due Process and Pro Se Considerations**

The panel order does not reflect consideration of the detailed religious and medical analysis summarized above. Such omission deprives Mr. Teman, a pro se litigant, of a fair opportunity to be heard. See *Haines v. Kerner*, 404 U.S. 519 (1972) (pro se filings held to less stringent standards).

6. **In Forma Pauperis (IFP) Status Improperly Denied**

The Court denied Appellant's request to proceed in forma pauperis on the basis that the filing fees had already been paid. However, the fees were paid not by Appellant but by his aunt, who did so as an emergency measure to preserve his appeal deadline and to avoid prejudicing his rights. Appellant is now significantly indebted to his aunt and continues to face financial hardship. The fact that a third party stepped in temporarily does not negate Appellant's eligibility for IFP status under 28 U.S.C. §1915(a). Courts have routinely recognized that **receipt of temporary financial assistance does not establish financial independence or solvency**. Accordingly, the Court should retroactively grant IFP status, and order that the fees be refunded to Appellant's aunt.

III. GROUNDS FOR REHEARING EN BANC

4. **Underlying Conduct Not Criminal**

Senior officials from the U.S. Department of Justice under President Trump have publicly stated that the conduct forming the basis of Mr. Teman's conviction — the enforcement of a contractual clause drafted by his company's corporate attorneys — is not, and cannot be, a crime. The claim that clients who clicked to accept online contracts later decided not to read a hyperlinked subpage, and then accused Mr. Teman of fraud based on that omission, is legally untenable. These clients acknowledged seeing the link and chose not to click it; their claim boils down to a willful decision not to read a part of a binding agreement. Accepting such reasoning would effectively criminalize contract enforcement anytime a party retroactively claims to have ignored a clause.

This premise is especially dangerous: it would render countless online agreements unenforceable and expose contract drafters and business owners to criminal liability based on subjective claims years after acceptance. Mr. Teman's conviction rests on after-the-fact accusations by individuals with a documented history of fraud — individuals who violated subpoenas, ignored discovery orders, and whose allegations are contradicted by contemporaneous emails, texts, and documents sent to multiple witnesses.

4

The District Court and now the Second Circuit are effectively denying Mr. Teman's religious right to reside in Israel based on a civil dispute transformed into a criminal matter — one that top DOJ officials themselves agree does not constitute a crime. The refusal to issue a written ruling or address these constitutional concerns further compounds the appearance of impropriety and corruption. It is unjust to cage a man or restrict his religious and medical freedom on such an absurd basis.

The Court should reconsider its dismissal and issue a reasoned opinion rather than tacitly uphold what is widely viewed — including by federal legal authorities — as a baseless and unconstitutional conviction.

En banc rehearing is proper under FRAP 35(b) due to the exceptional constitutional implications and need to maintain consistency in the Circuit's application of the frivolousness standard.

1. **Exceptional Importance**

The compelled violation of core religious principles and medical endangerment implicate fundamental rights under the First and Eighth Amendments. These are not abstract claims but based on concrete authority and evidence.

2. **Need for Uniformity**

The panel's unexplained dismissal is inconsistent with *Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995), where the Court reversed a frivolousness dismissal of a pro se appeal with colorable constitutional claims. En banc review is warranted to clarify application of *Neitzke* and *Pillay* to factually supported religious liberty and medical claims.

3. **Public Interest and Pardon Recommendation**

This case has drawn public attention due to the pardon recommendation by DOJ's own Pardon Attorney, and the unusual conditions placed on Mr. Teman. The public and institutional interest in ensuring non-arbitrary, constitutional treatment of probationers further justifies en banc consideration.

## IV. NOTICE OF INTENT TO SEEK CERTIORARI

Given the constitutional gravity of the issues presented — including compelled violation of religious beliefs, medical endangerment, and the arbitrary imposition of probation conditions unsupported by penological need — and the broader implications for similarly situated probationers, Defendant-Appellant respectfully notes his intent to seek further review by the Supreme Court of the

United States, if necessary. A reasoned opinion from this Court would aid in that review and promote judicial economy.

## V. MOTION TO REASSIGN PANEL

Defendant-Appellant further respectfully moves this Court to reassign the appellate panel pursuant to the Court's inherent authority to preserve the appearance and reality of impartial justice. Reassignment is warranted under 28 U.S.C. § 2106 and Second Circuit precedent where there exists an appearance of bias or partiality that may undermine public confidence in the judicial process. Further, due to the repeated ex parte coordination admitted-to by Engelmayer, Defendant-Appellant further respectfully moves that the panel provide recorded video proof of the random selection process from start to finish..

The panel's summary dismissal of serious constitutional claims—without written explanation—coupled with its characterization of the Chief Rabbi of Jerusalem's halachic objections as "frivolous" and lacking any arguable basis in fact, reflects an apparent disregard for the religious liberties and due process rights raised in this appeal. Such statements, when directed at religious authority and supported by documented rabbinic rulings and case law, raise serious concerns as to the panel's impartiality.

Further, it is a matter of record that Judge Paul A. Engelmayer has admitted to engaging in ex parte communications with government prosecutors and other judges regarding this case—conduct which is not only improper but contrary to the basic requirements of judicial neutrality. The appearance that the current panel may be influenced—directly or indirectly—by such improper coordination casts doubt on the fairness of any adjudication conducted without reassignment.

In similar circumstances, courts have granted reassignment to maintain the integrity of the judiciary. See *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (disqualification appropriate where judge displays deep-seated favoritism or antagonism); *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (en banc) (reassignment appropriate to preserve public confidence in impartiality).

Accordingly, Mr. Teman respectfully requests that this matter be reassigned to a new randomly selected appellate panel in accordance with principles of due process, judicial integrity, and public trust.

## VI. RELIEF REQUESTED

Defendant-Appellant respectfully requests:

1. That the panel be resigned given admissions by Paul Engelmayer of repeated ex parte coordination in this matter, and that the panel provide recorded video proof of the random selection process from start to finish.
2. That the panel vacate its June 3, 2025 dismissal and reinstate the appeals for merits briefing;
3. Alternatively, that the full Court grant en banc rehearing;
4. That the Court terminate probation based on compliance and changed circumstances;
5. That the Court grant IFP status and order a refund of the filing fees paid by Appellant's aunt;
6. Any further relief the Court deems just and proper.

Dated: June 11, 2025 Tel Aviv, Israel

Respectfully submitted,

/s/ Ari Teman
Ari Teman, Pro Se

B"H

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**UNITED STATES OF AMERICA,**　　　　　　　　　　Case Nos. 25-332,25-425,25--543,25-1204

Plaintiff-Appellee,

v.

**ARI TEMAN,**

Defendant-Appellant.

On Appeal from the United States District Court for the Southern District of New York

Case No. 19-CR-696 (PAE) Paul A. Engelmayer, District Judge

**CERTIFICATE OF SERVICE (UPDATED & CONSOLIDATED)**

On May 14, 2025, a true copy of the

(a) **Motion for Reconsideration and Hearing En Banc and to Proceed IFP, and**

(b) **Form 1080**

was served via email and SDNY pro se email and email on:

- Nathan Rehn, Attorney for the Appellee, One Saint Andrew's Plaza, New York, NY 10007 via email at **nathan.rehn@usdoj.gov** and the above methods
- Jacob H. Gutwillig, AUSA via email at jacob.guttwillig@usdoj.gov and the above methods
- Harmeet Dhillon, DOJ Head of Civil Rights at harmeet.dhillon@usdoj.gov and the above methods
- Edward Martin Jr, DOJ anti-weaponization attorney at edward.martinjr@usdoj.gov and the above methods
- Officer Jimmy Wong, U.S. Probation Office, S.D.F.L. at Jimmy_wong@flsp.uscourts.gov and the above methods

/s/ Ari Teman

Ari Teman, Pro Se

June 11, 2025 / 15h of Sivan, 5785